(18 Misc. Rep. 601.)

### CHARWAT v. VOPELAK.

(City Court of New York, General Term. December 12, 1896.)

SLANDER—AMENDMENT OF COMPLAINT—UTTERANCES IN FOREIGN LANGUAGE.

    An amendment of the complaint so as to allege the slanderous utterances in the foreign language in which they were spoken, instead of in English, as originally alleged in the complaint, is properly allowed, where defendant made no objection to proof of the words in the foreign language, and no claim was made by him of surprise.

Appeal from trial term.

Action by Adolf Charwat against Josej Vopelak. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and FITZSIMONS and O'DWYER, JJ.

Miles Rosenbluth, for appellant.

Jacob Fromme, for respondent.

VAN WYCK, C. J. The action is for slander, and the complaint set forth facts sufficient to constitute a good cause of action. The plaintiff's proof shows that the slanderous words were uttered in the Bohemian language, in the presence of persons who spoke and understood both English and Bohemian, and such persons swore that the English words testified to as so uttered were a complete and correct translation of the Bohemian words really so uttered; and all of this proof was made without any objection from defendant that it was at variance with the complaint, which alleged, in English, the slanderous utterances; and the defendant made no motion to strike out such evidence, upon that or any other ground. However, at the close of plaintiff's case he moved to dismiss, contending that the Bohemian words actually uttered should have been set forth in the complaint, and the court thereupon ruled that:

"As far as the matter is concerned about alleging the words in a foreign language, as far as that is concerned, I allow the plaintiff to amend now on the trial. This case has been tried before, and the defendant cannot be taken by surprise, and it is a question whether it is absolutely necessary."

This ruling of the court is fully sustained by the authorities, as the defendant had allowed the proof to be made without objection; and, moreover, the defendant made no claim of surprise, and proceeded to make proof of his defense under the general denial of his answer; and his witnesses testified that the utterances made were substantially the same as those which plaintiff's witnesses had testified to, but that they were not spoken by the defendant, but by another person, who was present at the time with the defendant.

The determination of the question as who had spoken the defamatory words was left to the jury by the judge's charge:

"Did the defendant·utter these words in the presence and hearing of one or more persons? The defendant says he did not, but that a man by the name of Urban did. That conflict you have to settle, and it is for you to determine which of the parties has told you the truth."

The defendant took no exception to this or to any other part of the charge, and made only one request, which was charged as requested. The jury decided that the defamatory words were uttered by defendant, by returning a verdict for plaintiff, and their determination will not be disturbed. Judgment and order affirmed, with costs. All concur.